UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE W. CRUMP,

        Plaintiff,        Case No. 1:10-cv-583

v.        Honorable Paul L. Maloney

IAN JANZ et al.,

        Defendants.
_____/

## ORDER DENYING MOTION TO ALTER OR AMEND

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On July 19, 2010, the Court issued an opinion and judgment (docket ##4, 5) dismissing the complaint for failure to state a claim. The matter presently is before the Court on Plaintiff's motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) (docket #7).

As the Sixth Circuit summarized in *GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See also ACLU v. McCreary County*, No. 08-6069, slip op. at 15 (6th Cir. June 9, 2010). To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See GenCorp.*, 178 F.3d at 834; *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995) (and cases cited therein); CHARLES A. WRIGHT, 11 FEDERAL PRACTICE AND PROCEDURE § 2810.1 at 127-28 (1995).

In his motion, Plaintiff argues that the Court's decision was based on several clear errors of law. Plaintiff admits that the Court correctly determined that his 35 days without hygiene

items fails to state an Eighth Amendment claim. He argues, however, that he intended to allege that Defendants Warden McKee, RUM Walczak, and ARUS Janz deprived him of these items and denied his prisoner loan in retaliation for his telling ARUS Janz that he feared retaliation. His expressed fear was that, because he had trouble at IBC in 2001, his transfer back to IBC in 2009 exposed him to potential retaliation from unidentified corrections officers at IBC.

Plaintiff's complaint, however, is devoid of allegations that the deprivations of the prisoner loan and hygiene items and the delay in authorizing his phone list were retaliatory. As a consequence, the Court's conclusion was not based on any clear error of law.

Moreover, even if Plaintiff had alleged that the actions were retaliatory, his allegations were insufficient to support a retaliation claim. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. A plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506

(C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). However, "alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994).

It is not at all clear that the purportedly retaliatory acts alleged by Plaintiff, such as delays in receiving his prisoner funds and property, denial of an indigent loan to buy hygiene items, and delay in approving his telephone list, were sufficiently adverse to support the first element of a retaliation claim. Further, Plaintiff has failed to allege any facts that would support a causal connection between the acts and Plaintiff's discussion with Janz. Plaintiff has not presented any facts to support his conclusion that Defendants retaliated against him because he expressed concern to Janz that unknown corrections officers might remember him from eight years before and subject him to retaliation. He does not allege that Janz was in any way hostile to him when he spoke to Janz about his concerns. Indeed, he admits that Janz attempted to assuage his concerns.[1] Moreover, he admits that, in reviewing Plaintiff's grievance regarding the indigent loan, Warden McKee acknowledged that a mistake had been made in the application of policy, apologized to Plaintiff, and

---

[1] Plaintiff's allegation that Janz later told him that he "ain't got nothin' comin'" provides no evidence of hostility based on Plaintiff's protected conduct. Janz's comment came only after Plaintiff's request for an indigent loan had been denied.

advised that the Business Office would be consulted to address future concerns. (Ex. A to Mot. to Alter or Amend, docket #8-1, Page ID #66.) These facts strongly undercut Plaintiff's causal inference.

Plaintiff argues, however, that he has alleged the necessary causal connection because all of the allegedly retaliatory acts occurred shortly after he told Janz of his concerns. Temporal proximity, on occasion, may be "'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

Here, the temporal connection is extraordinarily weak, a mere artifact of Plaintiff's transfer. According to the complaint, Plaintiff spoke with Janz immediately after he was transferred. As a result, everything that happened necessarily occurred after he spoke to Janz. Moreover, all of the conduct of which he complains – the delay in receiving his prisoner funds, the denial of the indigent loan for hygiene products, the delay in approving Plaintiff's telephone list, and the delay in classifying Plaintiff and assigning him to a job – necessarily involve things that must take place shortly after a prisoner his transferred. The mere fact that they occurred shortly after his conversation with Janz therefore does not create plausible claim of retaliatory motive. Instead, it demonstrates "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). As the Supreme Court has observed, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting

FED. R. CIV. P. 8(a)(2)).  In sum, both because he failed to allege retaliation and because the allegations are insufficient to support a retaliation claim, Plaintiff's first objection to the opinion and judgment is without merit.

Plaintiff next disputes the Court's finding that Plaintiff failed to state an Eighth Amendment claim against Defendant Nurse "Jane Doe #2." The Court has reviewed Plaintiff's arguments on this issue and finds that they were fully addressed in the Opinion and Judgment. Further, upon review, the Court finds no basis for altering or amending the judgment on that claim.

Next, Plaintiff asserts that his retaliation claim against Defendant RUO/ARUS "Jane Doe #1" is not time-barred under the discovery rule. He asserts that he could not have become aware of the allegedly retaliatory conduct that occurred in 2001 until 2009, when he was advised of the erroneous statement in his prison record. He therefore argues that his retaliation claim should not have been dismissed. The Court rejects Plaintiff's argument as a basis for altering or amending the judgment. The Court's decision rested on its conclusion that Plaintiff's allegations failed to state a retaliatory claim against Jane Doe #1.  It merely observed that, as an additional matter, the claim was not timely. The timeliness issue, therefore, has no bearing on the disposition of the claim.

Plaintiff next alleges that he sufficiently alleged an equal protection claim against Defendants Janz, Walczak, McKee, Schaefer, and Jane Doe #1. The Court has reviewed its opinion and judgment denying the claim and finds no error. Therefore, for the reasons fully discussed in the opinion and judgment issued July 19, 2010, the Court will deny the motion to alter or amend.

Finally, Plaintiff asks in the alternative that he be permitted to amend his complaint. Under established Sixth Circuit precedent, the Court has no discretion in allowing amendment to avoid the dismissal of a case under the PLRA. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612

(6th Cir. 1997); *accord Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir. Feb. 6, 2003). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint. Section 1915A also provides for such sua sponte dismissals." *McGore*, 114 F.3d at 612. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to alter or amend judgment (docket #7) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's alternative request to amend his complaint is **DENIED**.

Dated:   August 13, 2010              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge